NUMBER
13-11-00417-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

ANTONIO PEREZ,                                                                         Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                 Appellee.

____________________________________________________________

 

                     On appeal from
the County Court at Law No. 1

of Nueces County, Texas.

____________________________________________________________

 

                           MEMORANDUM OPINION

 

     Before Chief Justice Valdez
and Justices Rodriguez and Garza

Memorandum Opinion Per Curiam

 

Appellant, Antonio
Perez, attempted to perfect an appeal from a conviction for evading arrest.  We
dismiss the appeal for want of jurisdiction.








Sentence in
this matter was imposed on May 11, 2011.  No motion for new trial was filed. 
Notice of appeal was filed on June 13, 2011.  On July 12, 2011, the Clerk of
this Court notified appellant that it appeared that the appeal was not timely
perfected.  Appellant was advised that the appeal would be dismissed if the
defect was not corrected within ten days from the date of receipt of the Court=s directive.  In response filed July 27, counsel states that she was
attempting to contact the appellant to verify that he would like to proceed
with his right of appeal; however, counsel was unsuccessful because of appellant’s
detainer in the Immigration Court and deportation.

Texas Rule
of Appellate Procedure 26.2 provides that an appeal is perfected when notice of
appeal is filed within thirty days after the day sentence is imposed or
suspended in open court unless a motion for new trial is timely filed.  Tex. R. App. P. 26.2(a)(1).  The
time within which to file the notice may be enlarged if, within fifteen days after
the deadline for filing the notice, the party files the notice of appeal and a
motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure.  See
id. 26.3.  Although the notice of appeal herein was filed within the fifteen
day time period for filing a motion for extension of time to file notice of
appeal, no such motion for extension of time was filed within the fifteen day
time period.  See id.

This
Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal.  Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996).  AWhen a notice of appeal is filed within the fifteen‑day
period but no timely motion for extension of time is filed, the appellate court
lacks jurisdiction.@  Olivo, 918 S.W.2d at 522.   Absent a timely
filed notice of appeal, a court of appeals does not obtain jurisdiction to
address the merits of the appeal in a criminal case and can take no action
other than to dismiss the appeal for want of jurisdiction.  Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  








Appellant
may be entitled to an out‑of‑time appeal by filing a post‑conviction
writ of habeas corpus returnable to the Texas Court of Criminal Appeals;
however, the availability of that remedy is beyond the jurisdiction of this
Court.  See Tex. Code Crim. Proc.
Ann. art. 11.07, ' 3(a) (Vernon 2005); see also Ex parte Garcia,
988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal
is DISMISSED FOR WANT OF JURISDICTION.                                                                                                                                     

PER CURIAM

 

Do not publish.  

Tex. R. App. P. 47.2(b).

 

Delivered and filed the 

23rd day of August, 2011.